**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona limited liability company, | No. 14-16155 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00130-SMM |
| v. | MEMORANDUM[*] |
| MEDIOLEX LTD., a foreign corporation, DBA Complaintsboard.com; COMPLAINTSBOARD.COM, an unregistered business entity; SERGUEI KUDRIAVTSEV, AKA Mark Schultz, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted June 16, 2016
San Francisco, California

Before: SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

Plaintiff Xcentric Ventures, LLC (Xcentric) appeals from the district court's

judgment entered in favor of Defendants Mediolex Ltd., Complaintsboard.com,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and Serguei Kudriavtsev, aka Mark Schultz,[1] in a trademark infringement case after a bench trial. As the parties are familiar with the facts, we do not recount them here. We review the district court's conclusions of law de novo and its findings of fact for clear error. *FTC v. Garvey*, 383 F.3d 891, 900 (9th Cir. 2004). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (internal quotation marks and citation omitted). We affirm the district court's conclusion that Defendants are not directly liable for trademark infringement because they were not responsible for any use of the marks on the Complaintsboard website.[2]

First, the district court did not clearly err in finding that there were only 66 uses of Xcentric's marks on the Complaintsboard website–10 uses in metatags in the source code of the Complaintsboard website and 56 uses reflected in

---

[1]The district court also referred to Kudriavtsev as Sergey Kudrjavcev.

[2]Xcentric is not advancing a contributory liability theory of trademark infringement.

screenshots of Complaintsboard webpages. The district court's determination to give no weight to a Google search result page, which indicated that there were about 4,290 results from a search of the mark DON'T LET THEM GET AWAY WITH IT on the Complaintsboard website, was not clearly erroneous where (1) evidence showed that the estimated number of results on a Google search varied depending on the result page being viewed, (2) the number of estimated results depended on a variety of factors, (3) Google had a practice of taking snapshots of webpages to generate a searchable index of "cached" webpages which may no longer exist, and (4) the 10 results displayed on the search result page did not clearly show that usage of the words was infringing. Furthermore, it was not clearly erroneous to credit Xcentric only with 10 uses of Xcentric's marks in metatags in the source code of the Complaintsboard website where David Gringas, Xcentric's attorney, testified that he examined the source code of 100 webpages, but only documented 10.

Second, the district court did not clearly err in finding that Xcentric "failed to prove it was more likely than not that Defendants posted Xcentric's marks to the Complaintsboard website." As to the 10 instances of infringement in the source code of the Complaintsboard website, the district court's rejection of Xcentric's argument that users could not generate metatags was not clearly erroneous where

3

Gringas testified that he was "only generally familiar with web page source code" and Kudriavtsev explained how a user-created metatag could appear in Complaintsboard's source code. With regard to the 56 uses reflected in screen shots of the Complaintsboard website, the district court did not clearly err in finding that "none of the authors of any of the posts in question were agents of Complaintsboard." During trial, Defendants introduced evidence of the author information of each of the allegedly infringing posts and Kudriavtsev testified that none was associated with Complaintsboard. Xcentric's argument that the email addresses are suspiciously generic, common names which "leads inexorably to the conclusion that the posts were made, intentionally," by Defendants is not enough to overturn the district court's factual determination.

We affirm the district court's conclusion that Defendants did not use Xcentric marks and are, thus, not liable for trademark infringement. Accordingly, we do not address whether use of the marks was likely to cause consumer confusion.

**AFFIRMED.**

4